No. 56,595

STATE OF KANSAS, *Appellant*, v. RHONDA ASHLEY, *Appellee*.

(693 P.2d 1168)

Opinion filed January 26,1985.

*Geary N. Gorup*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for the appellant.

*Ronald J. Sickmann*, of Wichita, was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by the State upon a question reserved from the criminal trial of Rhonda Ashley. Ashley was convicted of one count of burglary, K.S.A. 21-3715 and one count of theft, K.S.A. 21-3701. She was sentenced to three to ten years on each count. The sentences were ordered to run concurrently with two other sentences imposed in separate cases where Ashley was a defendant.

In the other cases, Ashley had pled guilty to charges of giving a worthless check, K.S.A. 21-3707, and theft, K.S.A. 21-3701(b). On August 3, 1983, she was given suspended sentences in both cases for five years subject to certain terms and conditions.

On September 18, 1983, while under the terms of the suspended sentences, Ashley committed the burglary and theft for which she was charged in this case. In November, 1983, Ashley's suspended sentences were revoked and she was. sentenced to two to ten years for her prior convictions.

On January 17, 1984, she pled guilty to the charges in this case. The prosecution requested her sentence be ordered to run consecutively with the sentences imposed in the prior two cases. The court instead imposed a three-to-ten year sentence on each count in this case to run concurrent with each other and with the sentences imposed in the prior two cases.

The State appeals from the concurrent sentencing.

The State argues K.S.A. 1983 Supp. 21-4608(3) mandates the trial court impose a consecutive, rather than a concurrent, sen-

tence for any felony committed while a defendant is fulfilling the requirements of a suspended sentence in a prior felony.

K.S.A. 1983 Supp. 21-4608(3), provides:

"Any person who is convicted and sentenced for a crime committed while on probation, parole or conditional release for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation or released."

The statute does not refer to suspended sentences, hence the question is whether a suspended sentence should be construed to be included in the statute's language as "probation, parole or conditional release." A suspension of sentence is:

"[A] procedure under which a defendant, found guilty of a crime, upon verdict or plea, is released by the court without imposition of sentence. The release may be with or without supervision in the discretion of the court." K.S.A. 1983 Supp. 21-4602(2).

The State argues the suspended sentence of defendant is the same as a "conditional release" since the suspension of the sentence was dependent upon obeying the conditions of a release. A conditional release is defined by statute:

"An inmate who has served his maximum term or terms, less such work and good behavior credits as have been earned, shall, upon release, be subject to such written rules and conditions as the authority may impose, until the expiration of the maximum term or terms for which he was sentenced or until he is otherwise discharged." K.S.A. 22-3718.

The definition of suspended sentence fits the description of probation better than conditional release. Probation is defined as follows:

" 'Probation' is a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment subject to conditions imposed by the court and subject to the supervision of the probation service of the state, county or court." K.S.A. 1983 Supp. 21-4602(3).

The only difference between the statutory definition of probation and that of suspended sentence is probation occurs after imposition of sentence while a suspended sentence occurs without imposition of sentence. Also, with a suspended sentence, the decision as to whether the release is with or without supervision is in the court's discretion, while probation is automatically "subject to conditions imposed by the court . . . ."

Thus, let us consider whether the similarities between the statutory definition of probation and that of suspended sentence require them to be considered the same when construing K.S.A. 1983 Supp. 21-4608(3), the consecutive sentencing statute.

The first rule of statutory construction is to ascertain the intent of the legislature. *Johnston v. Tony's Pizza Service*, 232 Kan. 848, 658 P.2d 1047 (1983). We have held in determining legislative intent courts may look to the purpose to be accomplished by the statute. *In re Estate of Reed*, 233 Kan. 531, 664 P.2d 824 (1983). The purpose of the consecutive sentencing statute clearly is to continue the legislature's policy of providing enhancement of sentence in cases where prior felonies have been committed by a defendant. Viewed in that context, a defendant fulfilling the conditions of a suspended sentence is in no different position from one on probation. Under the consecutive sentencing statute, both are on supervised release and must serve sentences for their current crimes consecutively with the terms under which they were released.

The defendant here argues the inclusion of suspended sentences within the consecutive sentencing statute could result in sentences being imposed consecutively with a sentence which has not yet been imposed. *In State v. Bell*, 6 Kan. App. 2d 573, 631 P.2d 254 (1981), the Court of Appeals addressed this situation. In Bell, the trial court sentenced the defendant for a term to run consecutively to any parole violation and " 'consecutive to any sentence which may be imposed upon the defendant in any pending case.' " 6 Kan. App. 2d 573. The Court of Appeals held this to be error, reasoning that:

"[A] sentence may not follow or succeed without interval or break that which does not exist. The court in this case had no authority to direct the sentence here imposed run consecutively to a sentence which might thereafter be imposed in a case then pending." 6 Kan. App. 2d at 574.

The sentencing error in *Bell* is not present in this case. Here the defendant had pled guilty and the imposition of sentence suspended pending defendant's successful completion of the conditions imposed. This has the same effect as a defendant released on probation, parole or conditional release, under which a court clearly may impose a consecutive sentence pursuant to the consecutive sentencing statute.

We therefore hold suspended sentences were intended by the

legislature to be included within the meaning of probation in K.S.A. 1983 Supp. 21-4608(3), the consecutive sentencing statute. Hence it was error for the trial court to impose concurrent sentences for Rhonda Ashley's felonies committed while fulfilling the conditions of suspended sentences in two prior felonies.

The judgment of the trial court is reversed and the case remanded for sentencing pursuant to this opinion.