No. 57,008

STATE OF KANSAS, *Appellee*, v. CAMERON J. KERLEY, *Appellant*.
(696 P.2d 975)

Opinion filed
March 2, 1985.

*Monte Vines*, of Adams, Jones, Robinson and Malone, Chartered, of Wichita, argued the cause and was on the brief for appellant.

*James D. Hall*, assistant district attorney, argued the cause, and *Clark V. Owens*, district attorney, *Geary N. Gorup*, assistant district attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Cameron J. Kerley was convicted of second-degree murder (K.S.A. 21-3402) for the September 3, 1983, killing of his adoptive father. The conviction was by a plea of guilty. Mr. Kerley was sentenced to a term of fifteen years to life and appeals therefrom.

Defendant is a Sioux Valley Indian who was raised on a Canadian reservation until age five. Defendant's father was killed in a fight. His mother was an alcoholic and failed to care for him which resulted in Canadian authorities taking him into custody. His mother subsequently died. At age eleven defendant was adopted by a Wichita resident, Dick Kerley. The relationship between the two was poor with defendant running away on numerous occasions and defendant, himself, becoming an alcoholic. He was before the juvenile court at various times for

waywardness, miscreancy and delinquency. Part of the difficulty between defendant and Dick Kerley arose from the latter's homosexuality. In October, 1982, defendant was convicted of aggravated burglary upon his referral to an adult court (his eighteenth birthday occurred that year). He was placed on a five-year suspended sentence. Defendant had ceased living with Dick Kerley.

On September 3, 1983, defendant was drinking heavily and decided to kill his adoptive father. He entered the latter's home and removed a baseball bat from a closet. He then proceeded to Dick Kerley's bedroom where the man was sleeping. Defendant then beat Dick Kerley to death with the baseball bat, hid the body in the basement, stole the victim's money and left the premises in the victim's truck. Defendant was arrested the next day on a driving under the influence charge and placed in jail. Upon discovery of the victim's body, charges were filed against the defendant for first-degree murder and aggravated burglary. After plea negotiations, defendant entered a plea of guilty to second-degree murder. As a part of the agreement, the aggravated burglary charge (of the Kerley home) was dismissed.

Defendant was fully apprised of his rights prior to entering his plea of guilty. There is no allegation of any defects in the sentencing procedure. Defendant's sole claim of error relates to a statement made by the district court at the time of sentence wherein the court commented this was "a classic First Degree Murder case" as the crime was "planned." Defendant argues this was improper as it showed he was being sentenced for first-degree murder when he had been convicted of second-degree murder. The point is not well taken. At the time of sentencing the trial court had a great deal of information before it, including a psychiatric report, presentence reports from this crime and the prior burglary, a Kansas Reception and Diagnostic Center report, and letters from various counselors, as well as live testimony. The district court, prior to imposing sentence, discussed at length the defendant's background and the sentencing criteria. The court's remark relative to the facts being a "classic First Degree Murder case" as it was "planned" was not improper. The difference between first- and second-degree murder is whether or not deliberation and premeditation were involved. That defendant had planned to kill Dick Kerley was an established fact.

It was an appropriate consideration in determining the sentence to be imposed. We find no error on this point.

In its brief, the State points out that although it requested the sentences on the second-degree murder conviction and the prior aggravated burglary conviction (suspension of sentence thereon having been revoked as a result of the murder conviction and other violations thereof) be run consecutively, the district court ran the sentences concurrently.

K.S.A. 1984 Supp. 21-4608 provides:

"(3) Any person who is convicted and sentenced for a crime committed while on probation, parole or conditional release for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation or released."

The same applies to a suspended sentence. *State v. Ashley,* 236 Kan. 551, 693 P.2d 1168 (1985).

It is uncontroverted that in the prior aggravated burglary case the court suspended the imposition of sentence and released defendant under supervision. The murder herein occurred while defendant was on a suspended sentence. It was, therefore, mandatory that the sentence herein run consecutively with the sentence imposed on the prior conviction upon revocation of suspension. See *State v. Ashley,* 236 Kan. 551.

The State did not file a cross-appeal in this case and the illegality of the sentence was not raised before the district court. However, an illegal sentence may be corrected at any time. K.S.A. 22-3504; *State v. Johnson,* 6 Kan. App. 2d 750, 634 P.2d 1137 (1981). The sentence imposed on the murder conviction is clearly illegal as it is in violation of K.S.A. 1984 Supp. 21-4608(3).

The sentence imposed herein is reversed and the case is remanded for imposition of a lawful sentence.