No. 92,361

Levi Love, Jr., *Appellant,* v. State of Kansas, *Appellee.*
(124 P.3d 32)

Opinion filed December 9, 2005.

*Kathleen Downey Ambrosio,* of Law Office of John J. Ambrosio, Chtd., of Topeka, argued the cause.

*Levi Love, Jr.,* was on the briefs pro se.

*Robert D. Hecht,* district attorney, argued the cause, and *Amy M. Memmer,* assistant district attorney, and *Phill Kline,* attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, J.: Levi Love, Jr., appeals from the district court's denial of his pro se motion to correct an illegal sentence without appointing counsel or conducting a hearing. He contends the district court illegally imposed a harsher sentence upon him after sentencing by issuing a nunc pro tunc order stating that his sentence for crimes committed in the current case were to run consecutive to a previous felony conviction for which the defendant was serving parole on the date of the offenses in this case. We affirm.

On November 5, 1997, defendant, Levi Love, Jr. was convicted of first-degree murder and attempted murder. His convictions were affirmed by this court on appeal in *State v. Love,* 267 Kan. 600, 986 P.2d 358 (1999). At the December 19, 1997, sentencing hearing, the defendant was sentenced to life imprisonment for the murder conviction to run concurrent with an 816-month prison term for the attempted murder conviction. On December 24, 1997, the State filed a motion for an order nunc pro tunc asking the court to run the sentence in this case consecutive to an earlier felony sentence imposed in 90CR1488 for which the defendant was on

parole on the date of the offenses in this case. See K.S.A. 1996 Supp. 21-4603d.

After notice was given, a hearing was held on the State's motion with appointed defense counsel present. The State argued:

"I'm not sure if Nunc Pro Tunc is the right terminology to apply here but at the time of sentencing when the Court imposed sentence here the presentence report recited a prior [felony] conviction which had an unsatisfied sentence and it recites that a mandatory consecutive sentence is in order. Nobody brought that to the Court's attention on the record at the time of sentencing and so the record was silent as to whether the Court was imposing the sentence in this case consecutive to what the State suggested is the mandatory consecutive sentence for the old [offense]. So I brought it to the Court's attention and suggest the presentence report that is prepared accurately recite that the statute control 21-4608(b) and 21-4603(d)."

Defense counsel acknowledged that it was mandatory that the new offenses be run consecutive to the offense for which the defendant was on parole unless the court found that running the sentences consecutively would result in manifest injustice under K.S.A. 1996 Supp. 21-4720(a). After stating that the difference was about a year, defense counsel told the court: "With the time he's got, I don't honestly—I don't know how I can even bring a manifest injustice with the time he already has." After hearing oral argument, the court ruled from the bench:

"I set this for a hearing to make sure it was properly a matter for Nunc Pro Tunc. The original presentence report indicated that he was on—the current offense was committed while he was on probation and parole and the sentence should run consecutive to the sentence in 90-CR-1488, which is shown in the criminal history for which he was on parole, postrelease supervision, whatever, when he went on parole, I believe. The Journal Entry entered here was—is our standard sentencing minutes. The sentences were imposed, his life sentence, and these other sentences would run concurrent and it says the foregoing sentence to run concurrent to sentence imposed to case number blank. Well, that number isn't in the Journal Entry, which should be 90-CR-1488. That's an omission in the forms. Like anything, it's a form, you got to have an idiot to fill it out and this one didn't so under K.S.A. 21-4608(c) he was on parole and that was an established fact and it's required to be consecutive unless the Court, pursuant to K.S.A. 21-4720(a), makes a finding of manifest injustice. I did not make that finding, could not make that finding, so the silence of the record under those circumstances should have, without the absence of the finding of manifest injustice, should have provided for a consecutive sentence. But I agree, the Journal Entry should be corrected and

it's proper for a Nunc Pro Tunc and the district attorney be directed to prepare a correct Journal Entry."

On April 16, 2003, the defendant filed a pro se motion to correct an illegal sentence and a motion for the personal presence of defendant at the sentencing hearing to correct the illegal sentence. The defendant argued that the district court intended to run the sentences in this case for murder and attempted murder concurrent with defendant's previous felony in case number 90CR1488 rather than consecutively at the time the court sentenced the defendant on the murder and attempted murder convictions. Thus, according to defendant the matter was not "inadvertently omitted" from the journal entry so as to be corrected by a nunc pro tunc order. The defendant argued that the nunc pro tunc order illegally imposed a harsher sentence than the original sentence imposed December 17, 1997.

The district court denied the defendant's motion in an August 15, 2003, memorandum opinion and order without holding a hearing or appointing counsel, reasoning that the matter raised was a question of law and the sentence was not illegal. The court explained in relevant part:

"In this case, the sentence in 90CR1448 was imposed by another court long previously and his status under it—prison or parole—was under the jurisdiction of the parole board, not this Court. Had this Court specifically ordered his new sentences imposed in the present case to run concurrent with 90CR1448 without a K.S.A. 21-4720(a) finding of 'manifest injustice,' then truly an illegal sentence would have occurred."

The defendant timely appealed and appellate counsel was appointed.

The defendant contends on appeal: (1) that the trial court abused its discretion by denying his pro se motion to correct an illegal sentence without conducting a hearing or appointing counsel; and (2) the trial court failed to create an adequate and proper record for review.

(1) Denial of Motion

K.S.A. 22-3504(1) provides:

"(1) The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

We recently discussed our standard of review concerning the right to a hearing and appointment of counsel under this statute in *State v. Mebane,* 278 Kan. 131, 138, 91 P.3d 1175 (2004):

"This court has interpreted K.S.A. 22-3504 not to require a full hearing upon the filing of every motion to correct an illegal sentence. Rather, when a defendant files such a motion, the district court has a duty to make a preliminary examination of the motion to determine if substantial issues of law or fact are raised. If there are none, the court may summarily dismiss the motion. Only if the court finds that the motion raises substantial issues of law or fact must the court then hold a hearing in the presence of the defendant with defense counsel."

Additionally, we note that motions attacking a sentence filed under K.S.A. 22-3504 are treated no differently than those filed under K.S.A. 60-1507. *State v. Duke,* 263 Kan. 193, 196, 946 P.2d 1375 (1997).

The provisions of K.S.A. 60-1507 require the sentencing court to set the prisoner's motion for hearing with notice and appointment of counsel "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 60-1507(b). Procedurally, this court has approached 60-1507 motions as outlined in *Lujan v. State,* 270 Kan. 163, Syl. ¶ 3, 14 P.3d 424 (2000):

"There are three avenues of approach for the district court faced with a K.S.A. 60-1507 motion. First, it may determine that the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, in which case it will summarily deny the petitioner's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the petitioner. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after the appointment of counsel to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the petitioner. If the issue or issues are substantial and involve events in which

the petitioner participated, the court must proceed with a hearing involving the presence of the petitioner."

The question we must resolve is whether the defendant's motion, files, and records of his case conclusively show that the petitioner is entitled to no relief. The determination of whether to hold an evidentiary hearing on a motion to correct an illegal sentence is subject to an abuse of discretion standard. *State v. Kirby*, 272 Kan. 1170, 1194, 39 P.3d 1 (2002). Whether a sentence is illegal is a question of law providing an appellate court with unlimited review. *State v. Jones*, 272 Kan. 674, 677, 35 P.3d 887 (2001).

The offenses for which the defendant was sentenced in this case took place in March 1997. The controlling penalty provisions are those in effect at the time the offense was committed. *State v. Patterson*, 257 Kan. 824, 825, 896 P.2d 1056 (1995).

K.S.A. 1996 Supp. 21-4603d(a) (now [f]) provided:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or postrelease supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto . . . ."

Prior to 1982, the imposition of concurrent and consecutive sentences was within the discretion of the court. The 1982 amendment to K.S.A. 21-4608 required mandatory consecutive sentences if certain crimes were committed while a defendant was on release for a felony. *State v. Reed*, 237 Kan. 685, 687-88, 703 P.2d 756 (1985).

K.S.A. 21-4608(c) provides:

"(c) Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on a postrelease supervision for a felony *shall serve the sentence consecutively* to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release." (Emphasis added.)

K.S.A. 1996 Supp. 21-4720(a) provides:

"(a) The provisions of subsections (a), (b), (c), (d), (e) and (h) of K.S.A. 21-4608 and amendments thereto regarding multiple sentences shall apply to the

sentencing of offenders for crimes committed on or after July 1, 1993, pursuant to the sentencing guidelines system as provided in this act. *The mandatory consecutive requirements contained in subsections (c), (d) and (e) shall not apply if such application would result in a manifest injustice."* (Emphasis added.)

We note at the outset that the facts of this case are not in dispute. The record of defendant's sentencing wherein the trial judge imposed his sentences on the murder and attempted murder convictions is silent on the issue we are asked to review. The trial court imposed the sentences for murder and attempted murder to run concurrently. The defendant had been convicted of a previous felony for which he was on parole at the time the murder and attempted murder were committed, and the law at the time required a trial judge to impose the sentences for murder and attempted murder consecutive to his previous felony sentence. The only discretion possessed by the trial judge involved his or her finding that to impose a consecutive sentence would result in manifest injustice. See K.S.A. 1996 Supp. 21-4720(a). Ample evidence in the record supports the fact that there was no manifest injustice by running the murder and attempted murder sentences consecutive to defendant's previous felony sentence. The inescapable conclusion is that failing to impose the present sentence consecutive to the defendant's previous felony sentence was an oversight by the trial judge.

Nevertheless, the defendant argues that the district court intended to run the current sentence in this case concurrent with his previous felony in case number 90CR1488 rather than consecutively. At the sentencing hearing, the trial judge did not state whether the sentences in both cases were to be run concurrently or consecutively; however, the judge partially filled out a journal entry that indicated that the sentence in this case was to run *concurrent* with _____ (blank) without filling in a case number. At the nunc pro tunc hearing, the judge explained that the blank in the journal entry should have been 90CR1488, the case for which he was on parole. The court described it as an omission in the form, and found that the silence of the record regarding a finding of "manifest injustice" would require that the cases be run consecutively.

The defendant's argument ignores the fact that the judgment in a criminal case is effective upon its pronouncement from the bench, as the court's judgment and sentence in a criminal case does not derive its effectiveness from the journal entry. See *State v. Jackson*, 262 Kan. 119, 140, 936 P.2d 761 (1997) (district court's silence at sentencing hearing mandated that sentences be served concurrently despite subsequent journal entry indicating they should be served consecutively). At the sentencing hearing in this case, as indicated above, the record was silent as to whether the sentences in this case were to run consecutive to or concurrent with defendant's previous felony conviction and sentence. Ample evidence supports this conclusion.

The defendant further argues that when the record is silent, there is a presumption that the sentences are concurrent. See *State v. Thornton*, 224 Kan. 127, 577 P.2d 1190 (1978). This argument is flawed and has no merit for three reasons. First, K.S.A. 21-4608(c) required that defendant's sentences for murder and attempted murder run consecutive to defendant's previous felony sentence. Thus, the legislature ensured that the above concurrent sentence presumption would not result in an illegal sentence.

Second, the "concurrent if silent" presumption relates to the statutory language found in K.S.A. 21-4608(a), which provides:

"(a) When separate sentences of imprisonment for different crimes are imposed on a defendant *on the same date*, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which *two or more sentences imposed at the same time shall be served, they shall be served concurrently*, except as provided in subsections (c), (d) and (e)." (Emphasis added.)

In this case, the defendant had already received his sentence for his past felony and the court was sentencing the defendant only on his murder and attempted murder convictions. As such, the presumption that the sentences in the two cases would run concurrently would not apply. *Cf. State v. Abod*, No. 91,289, unpublished opinion filed Oct. 1, 2004, *rev. denied* 279 Kan. 1007 (2005) (no statutory authority that legislature intended concurrent if silent

rule to apply to sentences imposed on different days in different jurisdictions stemming from different events).

Finally, application of this presumption to this case runs contrary to the purpose of the consecutive sentencing statute, which is "to continue the legislature's policy of providing enhancement of sentence in cases where prior felonies have been committed by a defendant." *State v. Ashley*, 236 Kan. 551, 553, 693 P.2d 1168 (1985).

Several Kansas Court of Appeals' cases have dealt with this presumption under similar facts and concluded that the resulting sentences were properly corrected by nunc pro tunc orders.

In *Brooks v. State*, 25 Kan. App. 2d 466, 966 P.2d 686 (1998), the defendant pled guilty to aggravated robbery and was sentenced to an indefinite term of 6 to 20 years. Six months later the district court entered an order nunc pro tunc providing that his sentence was to be served consecutive to a sentence imposed in an earlier case. By way of a 60-1507 motion, the defendant argued that the district court imposed an illegal sentence under the nunc pro tunc journal entry, reasoning that " '[o]nce a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence.' " 25 Kan. App. 2d at 468 (quoting *State v. Royse*, 252 Kan. 394, Syl. ¶ 4, 845 P.2d 44 [1993]). The court rejected this argument, reasoning:

"Brooks misses the point. The sentence first imposed by the district court was contrary to K.S.A. 1987 Supp. 21-4608(3), which required consecutive sentences. Because the district court initially imposed an unlawful sentence, it had the power and the duty to subsequently correct its error and impose a lawful sentence. See *State v. Kerley*, 236 Kan. 863, 865, 696 P.2d 975 (1985)." 252 Kan. at 468.

See also *Brooks v. State*, No. 90,515 unpublished opinion filed April 23, 2004 ("In *Brooks I*, this court determined the nunc pro tunc journal entry ordering consecutive sentences was lawful.").

In *Griffin v. Kansas Parole Bd.*, No. 91,759, unpublished opinion filed Sept. 10, 2004, *rev. denied* 278 Kan. 844 (2004), the defendant's sentence for a crime committed while he was on parole did not indicate whether it was to be served concurrent with or consecutive to his prior sentence. The court found that sentences are deemed to be concurrent if the trial court fails to designate concurrent or consecutive terms on the record, based on *Royse*. How-

ever, the trial court has the power and duty to correct its error and impose the lawful sentence mandated under K.S.A. 21-4608(c) in a nunc pro tunc journal entry under *Brooks*.

In *Luarks v. Kansas Dept. of Corrections*, No. 91,223, unpublished opinion filed May 21, 2004, the journal entry was silent as to whether the defendant's sentence for a felony committed while on parole ran consecutive to or concurrent with his previous sentence. The Kansas Department of Corrections (KDOC) subsequently recalculated the defendant's sentences, reasoning that a new court order was unnecessary due to the mandatory consecutive sentence requirements of K.S.A. 1982 Supp. 21-4608. The Court of Appeals found that although KDOC's interpretation of the statute was correct, the proper procedure was for the trial court to file a nunc pro tunc order applying the correct sentence pursuant to K.S.A. 1982 Supp. 21-4608(3), reasoning in part:

"When the trial court imposes a concurrent sentence contrary to K.S.A. 1982 Supp. 21-4608(3), an illegal sentence has been imposed. *State v. Kerley*, 236 Kan. 863, 865, 696 P.2d 975 (1985); see *State v. Ashley*, 236 Kan. 551, 553-54, 693 P.2d 1168 (1985). In such cases, the trial court had the power and the duty to subsequently correct its error and impose a lawful sentence. The correction for a mandatory sentence can be accomplished with a nunc pro tunc journal entry. *Brooks*, 25 Kan. App. 2d at 468."

With a silent record in this case, the presumption would be that the defendant's sentencing in the murder and attempted murder convictions would be consecutive to his prior felony sentence absent any discussion or findings by the trial court that a consecutive sentence would result in manifest injustice under K.S.A. 1996 Supp 21-4720(a). See K.S.A. 21-4608(a). However, the trial court did not complete the section of the journal entry regarding how the sentences in 97CR878 would run in relation to 90CR1448. The proper remedy was to correct the journal entry with a nunc pro tunc order. See K.S.A. 22-3504(2) ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."); see also *State v. Lyon*, 207 Kan. 378, 380, 485 P.2d 332 (1971) ("[W]here a journal entry fails to reflect accurately the judgment

which was actually rendered, it becomes the duty of the trial court to make it speak the truth."). Although the trial court did not rely on this precise reasoning, its conclusion can be upheld as right for the wrong reason. See *Montoy v. State*, 278 Kan. 765, 768, 102 P.3d 1158 (2005).

In conclusion, the method chosen by the prosecutor and the resulting nunc pro tunc order entered by the trial court constituted the appropriate remedy to use under the facts of this case. The defendant's current felony convictions were required by law to run consecutive to a prior felony conviction for which he was on parole. There is no evidence that imposition of a consecutive sentence would result in manifest injustice under K.S.A. 1996 Supp. 21-4720(a) and the record of sentencing is silent on this point. Under these circumstances, a district court may act upon a nunc pro tunc motion to impose the present felony sentences consecutive to defendant's prior felony conviction for which he was on parole. The files and records of this case conclusively show that the petitioner is entitled to no relief. Thus, the summary denial of petitioner's motion did not constitute an abuse of discretion on the part of the trial court.

## (2) Adequate and Proper Record for Review

"Pursuant to Supreme Court Rule 183(j) (2004 Kan. Ct. R. Annot. 213), the district court is required to make findings of fact and conclusions of law on all of the movant's issues, either orally on the record or in a written journal entry. Without such findings of fact and conclusions of law, an appellate court cannot conduct a meaningful review of the district court's decision." *Gaudina v. State*, 278 Kan. 103, Syl. ¶ 5, 92 P.3d 574 (2004).

Accord *Harris v. State*, 31 Kan. App. 2d 237, 62 P.3d 672 (2003).

The defendant argues his case should be remanded for further findings of fact and conclusions of law because the district court did not address his argument concerning whether the district court could alter his sentence with a nunc pro tunc order in the August 15, 2003, memorandum opinion and order.

This argument is without merit. The district court clearly articulated its reasons for denying the defendant's motion to correct an illegal sentence, and we have concluded that the nunc pro tunc

order was properly utilized by the district court. As such, no need arises to remand for further findings of fact and conclusions of law.

Affirmed.

LUCKERT, J., not participating.

LARSON, S.J., assigned.