NOT DESIGNATED FOR PUBLICATION

No. 112,332

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK I. HOOD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed February 5, 2016. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Mark Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., HILL and POWELL, JJ.


*Per Curiam*: Patrick I. Hood challenges the district court's use of a nunc pro tunc order to clarify whether his sentence, pronounced over 4 years before that order was entered, was to run concurrent or consecutive to his sentences in other cases. Finding no error, we affirm.

1

*Procedural Background*

In June 2008, Hood was sentenced to consecutive prison terms of 11 months and 25 months in two Butler County cases, 08 CR 11 and 08 CR 14. In February 2009, Hood was sentenced to 57 months in prison in a different Sedgwick County case, 07 CR 2616. That sentence was to run consecutive to his Butler County sentences. In late 2007, Hood, while on felony bond in 07 CR 2616, committed the crimes leading to his conviction in this case.

At the sentencing hearing in 2009, defense counsel incorrectly stated that Hood had been sentenced to a 93-month sentence in Butler County. The district court repeated that misstatement in denying Hood's departure motion, stating that probation was not feasible because Hood had been previously been sentenced to 93 months in prison. The district court ultimately imposed a 32-month prison sentence, but it did not state how that sentence was to be served in relation to Hood's other sentences. The journal entry, however, indicated that Hood's 32-month sentence was to run consecutive to his 93-month Butler County sentence. Between 08 CR 11, 08 CR 14, and 07 CR 2616, Hood had been sentenced to a total of 93 months in prison, but not to a single 93-month sentence in Butler County.

Sometime in 2014, the KDOC notified the State that it believed the journal entry of Hood's sentence in this case was ambiguous and it intended to release Hood soon. The State believed KDOC's interpretation was incorrect so it filed a motion for a nunc pro tunc order asking the district court to revisit its order and clarify that Hood's 32-month sentence was to run consecutive to his other sentences.

The district court held a hearing on the State's motion. Hood was appointed counsel, but Hood did not personally attend. At the hearing, the district court stated that it had not indicated at sentencing how Hood's sentence was to run and that it could not

2

determine from the transcripts of the sentencing hearing that it intended the sentence to run one way or the other.

The district court ultimately determined that because it had not indicated whether Hood's sentence was to run consecutively or concurrently, the presumption was that the sentence was to run as the law required. Because Hood was on felony bond at the time he had committed the crimes, and because the court had not made a manifest injustice finding, the district court concluded that Hood's sentence was required to run consecutive to his other sentences. The district court thus granted the State's motion and issued a nunc pro tunc order stating that Hood's 32-month prison was to run consecutive to his consecutive sentences in 08 CR 11, 08 CR 14, and 07 CR 2616. Hood timely appeals.

*Did the district court err by granting the State's motion for a nunc pro tunc order?*

Hood argues that the district court's decision to grant the nunc pro tunc order was erroneous for four reasons: (1) The State's motion was effectively a motion to correct an illegal sentence which requires a defendant to be present; (2) the sentences should have been presumed to run concurrently because the presentence investigation (PSI) report did not indicate that Hood was on felony bond when the crime occurred; (3) the State's motion was barred by the doctrine of laches; and (4) the State invited the error.

A. *Standard of Review*

The State's motion relied on K.S.A. 22-3504(2). To the extent that statutory interpretation is required, we have unlimited review. *State v. Jolly*, 301 Kan. 313, 320, 342 P.3d 935 (2015). The standard of review for motions to correct illegal sentences, which are brought under K.S.A. 22-3504(1) and are treated as K.S.A. 60-1507 motions, is de novo review "because appellate courts have the same access to the motion, records, and files as the district court." *State v. Howard*, 287 Kan. 686, 690-91, 198 P.3d 146

(2008). We apply that same reasoning to motions brought under K.S.A. 22-3504(2). Both parties agree that this court's review is unlimited.

B. *Hood's Presence at the Hearing*

Hood first argues that the nunc pro tunc motion was actually a motion to correct an illegal sentence at which he had the right to be present. He asserts that because he was not present during the hearing, the hearing was illegal, the district court was without jurisdiction, and its order was a nullity.

We first examine the nature of the order entered by the district court. An order memorializing a district court's correction is a nunc pro tunc order. See *State v. Beaman*, 295 Kan. 853, 870, 286 P.3d 876 (2012). The district court may, at any time, correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." K.S.A. 22-3504(2). The Kansas Supreme Court previously found a nunc pro tunc order to be the proper remedy when a district court had failed to state whether a sentence was to run consecutively or concurrently and the journal entry did not indicate which one had been imposed. See *Love v. State*, 280 Kan. 553, 559-63, 124 P.3d 32 (2005).

Here, the district court did not indicate at the time of sentencing whether Hood's sentence was to run consecutively or concurrently. And although the journal entry indicated that the sentence was to be served consecutive to Hood's 93-month Butler County sentence, no such sentence existed. That mistake was a product of the district court's oversight in referring to one 93-month sentence, instead of to three separate sentences totaling 93 months. Because the error in the journal entry resulted from an oversight, the State was correct in filing a motion for a nunc pro tunc order rather than a motion to correct an illegal sentence. See *Love*, 280 Kan. at 562-63.

4

The nunc pro tunc order did not have the effect of a motion to correct an illegal sentence. Hood cites no authority that would require his presence at a nunc pro tunc hearing, and we find no reason that a defendant's presence would be necessary for the court to correct a clerical or similar error or oversight. Further, our caselaw clarifies that no hearing is required for such matters. See *State v. Mebane*, 278 Kan. 131, 139, 91 P.3d 1175 (2004) ("Furthermore, K.S.A. 22-3504(2) does not require a hearing and appointment of counsel for motions for nunc pro tunc orders."). Accordingly, we find Hood's presence was not required at the hearing on the State's nunc pro tunc motion at which Hood was represented by counsel.

C. *The Proper Presumption*

Hood next argues that the district court applied the wrong presumption. He specifically claims that his sentence should have been presumed to run concurrent to his prior sentences because the PSI report does not indicate that he was on felony bond at the time his crimes of conviction occurred. Hood also contends that because the PSI report does not indicate he was on felony bond, he lacked notice and an opportunity to argue manifest injustice.

In a criminal case, a sentence takes effect when the district court pronounces it. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012). A sentence's effectiveness is not derived from the journal entry. 294 Kan. at 677. If the sentence listed in the journal entry and sentence pronounced by the district court vary, the journal entry "must be corrected to reflect the actual sentence imposed." 294 Kan. at 677. When the district court does not state whether a sentence is to run consecutively or concurrently, the district court is presumed to have imposed the sentence required by law. See *Love*, 280 Kan. at 560-62. That means the presumption in some instances is that the sentence runs consecutively "absent any discussion or findings by the trial court that a consecutive sentence would result in manifest injustice . . . ." 280 Kan. at 562.

5

In this case, the required legal presumption was that Hood's sentence was to run consecutive to his previous sentences. This is because Kansas statutes require that when a defendant is convicted and sentenced for a crime committed while on felony bond, the sentence is served "consecutively to the term or terms under which the [defendant] was released." K.S.A. 21-4608(d). This mandatory sentence does not apply, however, if its imposition results in a manifest injustice. K.S.A. 21-4720(a). If the district court did not discuss or find that imposing a consecutive sentence would result in a manifest injustice, the presumption is that the defendant's sentence will run consecutive to any previous sentences. See *Love*, 280 Kan. at 562.

Hood acknowledges the legal presumption but contends that the PSI did not indicate that he was on felony bond when the crime was committed; therefore, a consecutive sentence was not required and he was not given notice of his need to argue manifest injustice. Hood does not deny, however, that he was, in fact, on felony bond when the crime occurred.

Hood's reading of the PSI report is in error. The record includes the PSI report, which clearly shows that Hood was on felony bond when he committed the crimes of conviction. The first page of the PSI report, submitted on July 2, 2009, indicates that a special rule was applicable. On the fourth page of the full PSI report, Box 10 is also checked, indicating that the crime was committed while on felony bond. Also, at the end of the second sentencing hearing, the State clarified with the district court that a special rule applied. Hood therefore had adequate notice of his need to argue manifest injustice, and the district court applied the correct presumption of consecutive sentences.

6

D. *The Doctrine of Laches*

Hood next argues that the doctrine of laches bars the State from seeking to correct the journal entry. He claims that the approximate 4 1/2- year delay between the date he was sentenced and the date the State moved for a nunc pro tunc order was unreasonable.

But Hood has not properly preserved this issue for appeal. First, although he made a timeliness argument based on K.S.A. 60-260 before the district court, Hood did not argue that the State's motion was barred by the doctrine of laches. Issues not raised before the district court cannot be raised for the first time on appeal. See *State v. Rojas*, 280 Kan. 931, 932, 127 P.3d 247 (2006). Second, to invoke the doctrine of laches, Hood was required to show that he had "been prejudiced or put at disadvantage by the delay." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 389, 22 P.3d 124 (2001). Besides briefly mentioning that he was scheduled to be released less than 1 week from the date the district court issued its nunc pro tunc order, Hood has not explained how he was prejudiced or disadvantaged. Issues not briefed are considered waived and abandoned. *State v. Littlejohn*, 298 Kan. 632, 655-56, 316 P.3d 136 (2014).

Further, Hood fails to show the delay was unreasonable. Hood was sentenced shortly after he was convicted, and it is undisputed that the State filed its nunc pro tunc motion shortly after it learned that the KDOC thought that the journal entry was ambiguous and planned to release Hood. Also, contrary to what Hood claims, he did not have to wait several years for his sentence to become final. His sentence was final when the district court pronounced it. The court's entry of the nunc pro tunc order did not affect the finality of his sentence. See *Mason*, 294 Kan. at 677. Hood's assertion of laches therefore fails.

E. *Invited Error*

Finally, Hood argues that the State was barred from requesting a nunc pro tunc order because it invited that error. He claims that because the State did not object to the PSI's failure to indicate that he was on felony bond when the crime occurred, the State invited any error regarding sentencing. But as noted above, Hood has his facts wrong—the PSI report clearly indicated that Hood was on felony bond and the State clarified at sentencing that the PSI report indicated that a special rule was applicable. Accordingly, no invited error has been shown.

Affirmed.