NOT DESIGNATED FOR PUBLICATION

No. 120,025

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH LEE MORRIS II,
*Appellant*,

v.

SAM CLINE, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 8, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

PER CURIAM: Kenneth Lee Morris II appeals the district court's summary dismissal of his petition for writ of habeas corpus. The district court dismissed the petition because Morris failed to assert deprivation of a constitutionally protected liberty interest. Morris concedes on appeal he did not plead, under the current caselaw, deprivation of any recognized liberty interests before the district court. But rather, he argues that the analysis of procedural due process violations should change so the level of disciplinary offense alleged is considered instead of merely the sanction imposed. Applying current precedent, we affirm the district court's judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Morris is an inmate at the Lansing Correctional Facility (LCF). On March 27, 2017, a correctional officer issued Morris a disciplinary report for allegedly possessing dangerous contraband. Morris denies he was served with the report. LCF held a hearing on the disciplinary report on April 3, 2017. The hearing officer found Morris guilty. The hearing officer imposed a sanction of 8 days of disciplinary segregation and 60 days of privilege restriction; the privilege restriction sanction was suspended for 180 days.

Morris appealed to the warden and the Secretary of Corrections. Both the warden and the Secretary approved of the hearing officer's decision below. Morris then filed with the district court a petition for a writ of habeas corpus under K.S.A. 60-1501. He argued that the hearing below violated his due process rights under the 14th Amendment to the United States Constitution. Specifically, he argued that his due process rights were violated because the hearing officer denied Morris' request to call two witnesses, failed to accurately document the record, and made an unsupported finding that Morris possessed dangerous contraband. Morris alleged that as a result of the disciplinary conviction, LCF expelled him from a special management transition program (SMU), thereby causing him to lose $12 per month in incentive pay from the program. Morris also claimed that as a result of the disciplinary conviction, he was forced to remove various personal property from his cell and pay for his photographs to be shipped to his wife. Finally, Morris argued that the disciplinary conviction resulted in him being held in segregation.

The district court summarily dismissed Morris' petition on July 5, 2017. The district court held that Morris' pleading and the file did not indicate "any liberty interest that would trigger court review." Morris filed a motion to alter or amend the judgment on July 27, 2017. The district court denied the motion on August 8, 2017.

Morris timely appeals.

STANDARD OF REVIEW

On appeal, Morris argues that the district court erred by summarily dismissing his petition for failure to identify a protected liberty interest at issue. When a district court summarily denies a petition for writ of habeas corpus, this court applies de novo review. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). "To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. Even if a prisoner pleads that he or she was deprived of a constitutional right, summary dismissal is required if "it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." K.S.A. 2018 Supp. 60-1503(a); *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). When reviewing a habeas corpus petition, "courts must accept the facts alleged by the inmate as true." 279 Kan. at 850.

ANALYSIS

Before the district court, Morris alleged due process violations. First, he argued that his due process rights were violated during the disciplinary hearing because of procedural errors and the denial of his request for two witnesses. Second, he argued that LCF employees made two unauthorized charges to his inmate account to mail personal property to his wife. He also claimed that he lost possession of his personal property items, a desk fan and an AM/FM radio. Finally, he claimed that his due process rights were violated because, as a result of his disciplinary conviction, he was expelled from the SMU program and lost $12 per month in incentive pay.

Our review is unlimited when determining whether an inmate's right to procedural due process has been violated, and we apply a two-step analysis to determine whether an inmate received the protections of due process. First, we must determine whether the

3

State has deprived the inmate of life, liberty, or property. If an inmate has been so deprived, then we must determine the extent and nature of the process to which the inmate is entitled. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007) (citing *Hogue*, 279 Kan. at 850-51.)

On appeal, Morris concedes that he did not plead, at the district court level, a recognized liberty interest, as defined by the current caselaw. Rather, Morris argues for a change in the analysis of whether due process was violated. He asserts "that the process due should be keyed to the level of offense, as utilized, and according to, the readily available administrative regulations, and not merely the sanction(s) imposed." Our Supreme Court first announced the two-step inquiry for procedural due process habeas claims in 1996 in *Murphy v. Nelson*, 260 Kan. 589, 597-98, 921 P.2d 1225 (1996), and has applied it faithfully ever since. See *Johnson*, 289 Kan. at 649; *Hogue*, 279 Kan. at 850-51. "This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position." *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). Morris provided no indication that our Supreme Court is departing from this precedent. Therefore, we will follow Supreme Court precedent and apply the two-step procedural due process analysis to Morris' claims.

*Disciplinary Hearing Due Process*

The hearing officer ordered two punishments in this matter, a 60-day privilege restriction, that was suspended, and 8 days of disciplinary segregation. Morris was never required to serve the 60-day privilege restriction. "Punishments never imposed do not implicate a protected liberty interest." *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). "[B]eing placed in disciplinary segregation does not implicate due process rights." *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997). Based upon these precedents, Morris has

4

not been deprived of life, liberty, or property. The district court was correct to dismiss Morris' due process claims with respect to the disciplinary hearing because neither of the punishments imposed implicate a protected liberty interest.

*Collateral Consequences of the Disciplinary Violation*

Morris also alleged that three collateral consequences of his disciplinary conviction implicated his liberty interests. First, he claimed that LCF impaired his liberty interests because it expelled him from the SMU program, rendering him ineligible for a $12 monthly incentive pay for program participation. Our Supreme Court has held that restrictions on eligibility for incentive pay do not constitute an atypical or significant hardship sufficient to trigger a liberty interest. *Stansbury v. Hannigan*, 265 Kan. 404, 421, 960 P.2d 227, *cert. denied* 525 U.S. 1060 (1998). Therefore, the district court was correct in finding that this allegation did not trigger a liberty interest.

Second, Morris alleged that he lost possession of certain personal property. "When an inmate is afforded the opportunity to possess personal property, he or she enjoys a protected interest in the ownership of that property that cannot be infringed without due process. However, the inmate has no protected right to possession of the property while in prison." 265 Kan. 404, Syl. ¶ 5. Morris claims that as a result of his disciplinary conviction, he "lost" a desk fan and an AM/FM radio. It is unclear from the record what happened to these items, only that he was required to have them removed from his possession. Even construing the pleadings and record in the light most favorable to him, Morris has shown only that he was deprived of possession of the items, not deprived of ownership. Therefore, the district court was correct in finding that these allegations did not trigger a liberty interest.

Third, Morris alleged that as result of his sanctions he was forced to mail photographs to his wife, which resulted in unauthorized mailing fees to his account. He

claimed LCF officials debited his prisoner account to cover the costs for mailing, even though Morris completed a property disposal form indicating his wife would pick up the property. Morris further alleged that his wife came to the prison multiple times to claim the property but prison officials would not let her take it. Accordingly, Morris alleged, LCF employees instead mailed the property and deducted the costs of mailing from Morris' inmate account without his authorization. Accepting Morris' allegations as true, he was deprived of property (his money) without due process.

Nevertheless, we cannot consider Morris' claims with respect to the unauthorized mailing fees.

> "Normally, an inmate in the custody of the Secretary of Corrections must exhaust all administrative remedies provided by the Secretary of Corrections before filing a civil lawsuit against the State of Kansas. K.S.A. 75-52,138. The inmate is responsible for filing proof that his administrative remedies have been exhausted. K.S.A. 75-52,138." *Grissom v. Heimgartner*, No. 117,818, 2018 WL 1973740, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1594 (2018).

Here, there is no evidence in the record that Morris pursued administrative remedies with respect to the unauthorized mailing fees. Morris appealed his disciplinary conviction to both the warden and the Secretary of Corrections. Neither of these appeals mentioned the mailing fees, and the mailing fees were not a punishment imposed for the disciplinary conviction. The mailing fees do not appear in the record until Morris complained about them in his petition to the district court. Because Morris did not file proof that he exhausted his administrative remedies with respect to the unauthorized mailing fees, the district court was correct to summarily dismiss this claim. While the district court was technically incorrect that Morris failed to adequately plead a liberty interest in the unauthorized charges to his account, it was nevertheless correct to dismiss Morris' petition. We affirms the district court for being right for the wrong reason with respect to the unauthorized mailing fee allegations. See *Love v. State*, 280 Kan. 553, 563,

6

124 P.3d 32 (2005). Based on the foregoing, the district court's summary dismissal of the petition was correct.

Affirmed.