(694 P.2d 918)

Nos. 57,010
57,011
57,012

STATE OF KANSAS, *Appellee*, v. KENNETH R. SAYLES, *Appellant*.

Opinion filed February 7, 1985.

*Ernest H. Moulos*, of Wichita, for the appellant.

*James D. Hall*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before FOTH, C.J.; MEYER AND BRISCOE, JJ.

MEYER, J.: Kenneth R. Sayles (defendant-appellant) appeals from the sentences he received following guilty pleas to three counts of burglary and two counts of felony theft. Sayles was charged with one count of burglary in Case No. 83-CR-1429 to which he pleaded guilty and was convicted on November 30, 1983. The defendant was then released on an appearance bond pending sentencing which was scheduled for January 19, 1984. While the defendant was free on bond, he was arrested and charged with a burglary and felony theft which had occurred on December 17, 1983, Case No. 84-CR-31, and also with a burglary and felony theft that had occurred on December 22, 1983, Case No. 83-CR-2134.

On January 19, 1984, the defendant pleaded guilty to the charges in Case Nos. 84-CR-31 and 83-CR-2134. The defendant was also sentenced on that date to a two-to-ten year term on the burglary charge in Case No. 83-CR-1429, with the sentence to run consecutive to any sentence imposed in Case No. 84-CR-31 and Case No. 83-CR-2134. The defendant was sentenced to two concurrent two-to-ten year terms for burglary and felony theft in

Case No. 83-CR-2134, sentences to run concurrent with any sentence imposed in Case No. 84-CR-31 and consecutive to the sentence imposed in Case No. 83-CR-1429. Finally, also on January 19, 1984, the defendant was sentenced to two concurrent two-to-ten year terms for burglary and felony theft in Case No. 84-CR-31, sentences to run concurrent with any sentence imposed in Case No. 83-CR-2134 and consecutive to the sentence imposed in Case No. 83-CR-1429. The trial court denied the defendant's motion to modify the sentences imposed to run concurrent with each other because the court determined that K.S.A. 1984 Supp. 21-4608 did not give the district court jurisdiction to modify its sentences to run concurrently. Defendant timely appeals and the cases have been consolidated.

K.S.A. 1984 Supp. 21-4608(4) addresses the release of a person for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated:

"(4) Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released."

The defendant's situation fits within one type of release addressed in article 28 of chapter 22—release on bond after conviction but prior to sentencing—so he was clearly "on release for a felony" as required by K.S.A. 1984 Supp. 21-4608(4) but no sentence had yet been imposed. The conditions or terms of release that may be imposed upon a defendant after conviction to insure he will not flee or pose a danger to the community are discussed in K.S.A. 22-2804 and K.S.A. 22-2802.

The defendant contends that, since under K.S.A. 1984 Supp. 21-4603(3) a court may modify a sentence within 120 days after it is imposed, the trial court had jurisdiction to modify the sentence from consecutive to concurrent. The defendant alleges that K.S.A. 1984 Supp. 21-4608 allows a district court to impose higher sentences, but the final discretion in sentencing rests with the trial court.

Did the district court have jurisdiction to modify the sentence imposed under K.S.A. 1984 Supp. 21-4608(4) to a concurrent sentence? We think not.

K.S.A. 1984 Supp. 21-4608 addresses the imposition of multiple sentences. Subsections (3), (4) and (5) of K.S.A. 1984 Supp.

21-4608 do not mention any discretion by the trial court in imposing concurrent or consecutive sentences, but rather state that subsequently imposed sentences *shall* be served *consecutively*. The applicable subsection in this case provides the defendant "shall serve the sentence consecutively to the term or terms under which the person was released." K.S.A. 1984 Supp. 21-4608(4).

Despite the mandatory language of K.S.A. 1984 Supp. 21-4608(4), the defendant argues the trial court can modify the consecutive sentence to a concurrent sentence under K.S.A. 1984 Supp. 21-4603(3), which provides in pertinent part:

"(3) Any time within 120 days after a sentence is imposed or within 120 days after probation has been revoked, the court may modify such sentence or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits."

Although any possible conflict between K.S.A. 1984 Supp. 21-4608(4) and K.S.A. 1984 Supp. 21-4603(3) has apparently not been addressed by the Kansas appellate courts, the courts have addressed the conflict between 21-4603 and K.S.A. 21-4618 (mandatory minimum sentencing for certain crimes committed with a firearm). In *State v. Ramsey*, 228 Kan. 127, 135, 612 P.2d 603 (1980), the Kansas Supreme Court stated:

"It is the clear legislative intent of K.S.A. 1979 Supp. 21-4618 to divest the trial court of alternatives to sentencing when a firearm is used by a defendant in the commission of one of the crimes specified in the statute."

In *State v. Rios*, 225 Kan. 613, 592 P.2d 467 (1979), the defendant was sentenced under 21-4618 and his motion for modification of sentence pursuant to K.S.A. 1978 Supp. 21-4603(2) was denied for lack of jurisdiction. Rios contended that under 21-4603 the court could grant probation or suspend the sentence because his original sentence met the mandatory provisions of 21-4618. The Supreme Court held:

"In *State v. Stuart and Jones*, 223 Kan. 600, 575 P.2d 559 (1978), we specifically held that K.S.A. 1978 Supp. 21-4618 precluded probation or suspension of sentence. If defendant's position were correct, the trial court could, on motion for sentence modification, grant a disposition of the case that would have been an unlawful disposition at the time of the original sentencing. Such an interpretation would defeat the clear legislative intent of the mandatory sentencing statute." 225 Kan. at 614.

An analogous situation to *Rios* is presented in the case at bar. If, despite the mandatory consecutive sentencing language of K.S.A. 1984 Supp. 21-4608, the trial court could later modify the sentence to run concurrently, under K.S.A. 1984 Supp. 21-4603(3), the trial court would be granting what would have been an unlawful disposition at the time of sentencing and thereby defeat the legislative intent of the mandatory sentencing statute.

It is clear that, under the facts of this case, imposition of consecutive sentences is required by K.S.A. 1984 Supp. 21-4608(4).

The decision of the trial court is affirmed.