(694 P.2d 1329)
No. 56,748
No. 56,749

STATE OF KANSAS, *Appellee,* v. CLEVELAND REED, JR., *Appellant.*

Opinion filed February 14, 1985.

*David Michael Rapp,* of Moore, Rapp & Schodorf, P.A., of Wichita, for appellant.

*James D. Hall,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, P.J., REES and MEYER, JJ.

REES, J.: Defendant Cleveland Reed, Jr. was sentenced to consecutive terms of imprisonment pursuant to K.S.A. 1984 Supp. 21-4608(4) for felony convictions in two prosecutions against him. On appeal he asserts the trial court's application of mandatory consecutive sentences under K.S.A. 1984 Supp. 21-4608(4) was erroneous. We agree.

On December 1, 1982, Reed was charged with attempted burglary, a class E felony, in violation of K.S.A. 21-3301, 21-3715 (Case No. 82-CR-2031). He was released on bond pending his appearance at preliminary hearing scheduled for April 8, 1983. On April 10, 1983, Reed tardily appeared. He waived preliminary hearing and formal arraignment. On that day, he also entered a plea of not guilty and requested a jury trial.

On September 12, 1983, Reed was charged with theft (K.S.A. 21-3701[a]) and burglary (K.S.A. 21-3715), both class D felonies, for crimes purportedly committed that day (Case No. 83-CR-1638).

Reed entered pleas of guilty to all charges in both cases on October 18, 1983. The trial court sentenced Reed to a term of two-to-five years and a fine of $500 for the attempted burglary conviction (Case No. 82-CR-2031). For the burglary and theft

convictions in the second case (Case No. 83-CR-1638), Reed was sentenced to two concurrent sentences of three-to-ten years, plus a fine of $1,000. The sentences in the two cases were ordered to run consecutively. Reed's motion to modify sentence was over-ruled.

From a review of the transcript on the motion to modify sentence, it is clear the trial court believed K.S.A. 1984 Supp. 21-4608(4) mandated imposition of consecutive sentences. That provision states as follows:

"Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the term consecutively *to the term or terms under which the person was released.*" (Emphasis added.)

Reed committed his second and third felonies upon release on appearance bond prior to trial for the first felony pursuant to K.S.A. 22-2802. Focusing on the last phrase in K.S.A. 1984 Supp. 21-4608(4), Reed argues on appeal that since he was released prior to any trial or sentencing, the statute does not mandate consecutive sentencing in his case; that there were no *terms* under which he had been released. We agree.

It seems incongruous to say that the mere filing of a felony complaint plus release on bond for appearance at preliminary hearing made Reed a person "on release for a felony." Moreover, until Reed was convicted, he could not have been released under a term or terms. *Cf. State. v. Holmes*, 222 Kan. 212, 563 P.2d 480 (1977) (holding a person is considered to be convicted of a crime after adjudication of guilt).

The State concedes the statute is at least ambiguous and admits the legislature neglected to explicitly include Reed's situation—release on bond prior to trial—in the statute's opera-tion. It argues, however, that the clear legislative intent was to punish with consecutive sentences those defendants who abuse *any* provisional freedom granted them to commit another crime. But although this may have been the legislature's intent, it is patently not reflected in the statutory language. Penal statutes must be strictly construed in favor of the person sought to be subjected to their operation. *State v. Dubish*, 234 Kan. 708, 712, 675 P.2d 877 (1984); *State, ex rel., v. American Savings Stamp Co.*, 194 Kan. 297, 300, 398 P.2d 1011 (1965). We accordingly hold that K.S.A. 1984 Supp. 21-4608(4) does not mandate impo-

sition of consecutive sentences where, as here, a defendant commits another felony while on release on appearance bond prior to trial.

We note our holding controls only the situation presented here and outlined above. *Cf. State v. Ashley*, 236 Kan. 551, 693 P.2d 1168 (1985); *State v. Sayles*, 10 Kan. App. 2d 180, 694 P.2d 918 (1985).

We have examined Reed's other contentions and find them to be without merit.

In summary, we conclude that this case must be remanded to the trial court for resentencing of the defendant. When the defendant is resentenced, our holding here does not affect the general sentencing discretion and authority granted to the trial court elsewhere in the statutes.

Reversed and remanded with directions to resentence Reed in accordance with this opinion.