No. 56,748

and

No. 56,749

STATE OF KANSAS, *Appellee*, v. CLEVELAND REED, JR., *Appellant.*

(703 P.2d 756)

Opinion filed July 26, 1985.

*David Michael Rapp*, of Moore, Rapp & Schodorf, P.A., of Wichita, argued the cause and was on the briefs for appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, *Clark V. Owens*, district attorney, and *James D. Hall*, assistant district attorney, were on the brief for appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant, Cleveland Reed, Jr., from consecutive sentences imposed by the district court in two criminal cases. The defendant entered a plea of guilty to attempted burglary in case No. 82-CR-2031 and pleas of guilty to charges of felony theft and burglary in Case No. 83-CR-1638. After the trial court imposed consecutive sentences in

the two cases and later refused to modify the sentences, the defendant appealed.

The sole issue presented on the appeal is whether mandatory consecutive sentences were required under K.S.A. 1984 Supp. 21-4608(4), because the defendant committed two felonies after having been released on bond pending trial in the first case. The district court held that consecutive sentences were mandatory under that section. The Court of Appeals reversed, holding that consecutive sentences were not required. The Supreme Court granted the State's petition for review.

The facts in the case are undisputed and are set forth in the Court of Appeals opinion in *State v. Reed*, 10 Kan. App. 2d 189, 694 P.2d 1329 (1985). On December 1, 1982, Reed was charged with attempted burglary, a class E felony, in violation of K.S.A. 21-3301 and 21-3715 (Case No. 82-CR-2031). He was released on bond pending his appearance at a preliminary hearing scheduled for April 8, 1983. On April 10, 1983, Reed tardily appeared and waived preliminary hearing and formal arraignment. At that same time, he entered a plea of not guilty and requested a jury trial. He was again released on his bond but failed to appear for trial and his bond was forfeited.

On September 12, 1983, Reed committed felony theft (K.S.A. 21-3701[a]) and burglary (K.S.A. 21-3715), both class D felonies. He was charged on the same day for those crimes in case No. 83-CR-1638. Reed entered pleas of guilty to all charges in both cases on October 18, 1983. The trial court sentenced Reed in the first case to a term of two-to-five years and a fine of $500 for attempted burglary (82-CR-2031). In the second case (83-CR-1638), Reed was sentenced to two concurrent sentences of three-to-ten years and a fine of $1,000 for burglary and theft. The trial court ordered the sentence in the prior case to run consecutively to the two sentences imposed in the later case. Reed filed a motion to modify the sentence which was overruled. From the record, it is clear the the trial court believed K.S.A. 1984 Supp. 21-4608(4) mandated imposition of consecutive sentences. The defendant appealed contending (1) that the statute did not require mandatory consecutive sentences and (2) that the trial court erred in making the sentence in the prior case run consecutively to the sentences imposed in the later case.

It would be helpful at the outset to consider the statutes

involved and the Kansas cases which have construed the statutes. Prior to 1982, K.S.A. 21-4608 covered the subject of multiple sentences, including the imposition of concurrent and consecutive sentences. K.S.A. 21-4608 sections (1) and (2) provided as follows:

"(1) When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences or probation have been revoked, such sentences shall run concurrently or consecutively *as the court directs*. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently.

"(2) Any person who commits a crime while on parole or conditional release and is convicted and sentenced therefor, shall serve such sentence concurrently or consecutively with the term or terms under which the person was released, *as the court directs*." (Emphasis supplied.)

It should be noted that under the pre-1982 statute, the imposition of concurrent or consecutive sentences in all criminal cases was placed within the sound discretion of the trial court, and mandatory consecutive sentences were not required in any case. In 1982, there was a great deal of public concern because felonies were being committed by persons who had previously been charged with a felony while they were released on bond in a prior felony case. The legislature at the 1982 session enacted what is now K.S.A. 1984 Supp. 21-4608 to require mandatory consecutive sentences in certain cases. 21-4608(2) was amended so as to be applicable only to misdemeanors. Thus, in misdemeanor cases the imposition of concurrent or consecutive sentences remained within the sound discretion of the trial court.

The 1982 legislature added what are now sections (3), (4), and (5) of K.S.A. 1984 Supp. 21-4608 which provide as follows:

"(3) Any person who is convicted and sentenced for a crime committed while on probation, parole or conditional release for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation or released.

"(4) Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released.

"(5) Any person who is convicted and sentenced for a crime committed while such person is incarcerated and serving a sentence for a felony in any place of incarceration shall serve the sentence consecutively to the term or terms under which the person was incarcerated."

In order to determine the legislative intent it is necessary to

analyze carefully these sections. Section (3) requires consecutive sentences where a defendant is convicted and sentenced for a crime committed while on *parole, probation, or conditional release for a felony.*

Section (4) requires consecutive sentences where a defendant is convicted and sentenced for a crime committed *while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated.* To interpret this section, we must consider the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated. K.S.A. 22-2801 *et seq.* covers release of persons charged with crime in three situations: (1) Release pending an appearance to answer charges; (2) release pending an appearance to testify; and (3) release pending appeal, when detention neither serves the ends of justice nor the public interest. That purpose is clearly set forth in K.S.A. 22-2801. K.S.A. 22-2802 governs *release prior to trial.* K.S.A. 22-2804 covers release after conviction, where a defendant is either awaiting sentence or has filed a notice of appeal.

K.S.A. 1984 Supp. 21-4608(5) covers situations where a defendant is convicted and sentenced for a crime committed *while such person is incarcerated and serving a sentence for a felony in any place of incarceration.* The above analysis of sections (3), (4), and (5) is important, because it shows a clear legislative intent to cover the waterfront and to require consecutive sentences where a defendant commits a felony while released on bond in a prior felony case, whether at the beginning of the prosecution prior to trial or at the end of the trial or after the defendant has been sentenced or after defendant is placed on probation or parole or conditional release or while incarcerated.

The Court of Appeals, in its opinion, focused on the last phrase in K.S.A. 1984 Supp. 21-4608(4), reasoning that, since Reed had been released prior to trial or imposition of sentence, the statute does not mandate consecutive sentences in this case because there was no "term or terms" under which he had been released. The Court of Appeals on page 190 of the opinion states as follows:

"It seems incongruous to say that the mere filing of a felony complaint plus release on bond for appearance at preliminary hearing made Reed a person 'on release for a felony.' Moreover, until Reed was convicted, he could not have been released under a term or terms."

The Court of Appeals noted that the State conceded that the

statute was somewhat ambiguous and that the legislature had neglected to explicitly include Reed's situation—release on bond prior to trial. The Court of Appeals concluded that, since the legislative intent was not clear and because penal statutes must be strictly construed in favor of persons sought to be subjected to their operation, the court was required to construe K.S.A. 1984 Supp. 21-4608(4) in such a way as not to mandate imposition of consecutive sentences where, as here, the defendant committed another felony while released on an appearance bond prior to trial.

There are three Kansas cases construing 21-4608 which should be noted. In *State v. Bell*, 6 Kan. App. 2d 573, 631 P.2d 254 (1981), it was held that a trial court has no authority to impose a consecutive sentence on a sentence which has not yet been imposed and which may thereafter be imposed in a case then pending. Stated simply, that case holds that to impose a consecutive sentence there must be an *actual sentence then existing* to which the consecutive sentence in the later case is applied.

*State v. Ashley*, 236 Kan. 551, 693 P.2d 1168 (1985), involved the interpretation of K.S.A. 1984 Supp. 21-4608(3) in a case where a defendant had been previously convicted of a felony and whose sentence had been suspended in the prior case. This court held that a suspended sentence is included within the meaning of "probation" in K.S.A. 1984 Supp. 21-4608(3). The court reversed and remanded the case for imposition of consecutive sentences. A similar holding may be found in *State v. Kerley*, 236 Kan. 863, 696 P.2d 975 (1985).

The most recent case involving K.S.A. 1984 Supp. 21-4608 is *State v. Sayles*, 10 Kan. App. 2d 180, 694 P.2d 918 (1985). In *Sayles*, defendant was convicted of crimes committed while on release from a prior conviction *but prior to sentencing*. The defendant was charged with one count of burglary to which he entered a plea of guilty. Defendant was released on an appearance bond pending sentencing. While free on bond, defendant was arrested for burglary and felony theft which occurred shortly after the defendant's release. The defendant pleaded guilty to the charges in the two cases. The defendant was sentenced to concurrent terms in the later case which sentences were to run consecutively to the sentence in the first case pursuant to K.S.A. 1984 Supp. 21-4608(4). The Court of Appeals held that the

defendant's situation was included within one type of release addressed in article 28 of chapter 22—release on bond after conviction but prior to sentencing. The Court of Appeals held that defendant was on release from a felony although no sentence had been imposed. It is important to note that consecutive sentences were held to be required even though at the time of his release on bond in the prior case, there was no existing "term or terms" under which defendant had been released. This holding is contrary to the decision of the Court of Appeals in the present case which requires that there be a "term or terms" existing at the time defendant was released on bond in the prior case.

After reviewing the statutes, court decisions, and the factual circumstances set forth in this case, we have concluded that the imposition of mandatory consecutive sentences was required by K.S.A. 1984 Supp. 21-4608(4). It is undisputed that the defendant committed the crimes of felony theft and burglary while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated. In our judgment, the effect of the decision of the Court of Appeals is to nullify completely K.S.A. 1984 Supp. 21-4608(4), which was obviously not intended to apply to situations where K.S.A. 1984 Supp. 21-4608(3) and (5) are applicable. We agree with the Court of Appeals that the language of K.S.A. 1984 Supp. 21-4608(4) is not as clear as it could be. We believe, however, that the legislative intent, as expressed in that section, is that consecutive sentences are required where a defendant commits a felony while on release for a felony pursuant to *any* of the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated. Section (4) applies where a person charged with a felony has been released on bond pending his appearance to answer the charges or to testify or pending an appeal following his conviction. The trial court was correct in so holding, and the Court of Appeals was in error in holding to the contrary.

We adhere to the holding in *State v. Bell*, 6 Kan. App. 2d 573, that, in order for a trial court to impose a consecutive sentence, there must be a prior sentence in *existence* at the time of the subsequent sentencing. A trial court has no authority to direct a sentence to run consecutively to a nonexistent sentence which might thereafter be imposed in a pending case.

The trial court in the present case ordered that the sentence imposed in the *prior* case (82-CR-2031) should run consecutively to the sentence imposed in the later case (83-CR-1638). The State in its brief admits that this was error, because, under K.S.A. 1984 Supp. 21-4608, the sentence in the later case is required to run consecutively to the sentence in the prior case. This was clearly error and, for this reason, the case must be reversed and remanded to the trial court with directions to make the sentence in 83-CR-1638 run consecutively to the sentence in 82-CR-2031 and not the other way around as ordered by the trial court.

The judgment of the district court and the judgment of the Court of Appeals are affirmed in part and reversed in part. The case is remanded to the district court for resentencing in accordance with the views expressed in this opinion.