NOT DESIGNATED FOR PUBLICATION

No. 114,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIE WILLIAMS JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed January 20, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*: Willie Williams, Jr., appeals his sentence in case 14 CR 3059, in which the district court imposed a 12-month jail term for eight concurrent misdemeanor counts. The district court ordered the sentences to be served "consecutively to all other cases, including 12 CR 3116 and 14 CR 3059," but granted probation "after completing his prison sentence." Williams contends that there were no such existing sentences in either of those cases and therefore his sentence in 14 CR 3059 may not be run consecutive to them under *State v. Reed*, 237 Kan. 685, 703 P.2d 756 (1985). Because we

find the record reflects both legal and clerical errors in a portion of the district court's orders, we affirm in part but remand for correction of those patent errors.

FACTS

On November 19, 2014, Williams pled guilty to four counts of misdemeanor battery against a law enforcement officer and four counts of misdemeanor criminal damage to property in case 14 CR 3059. The transcript of the hearing held that day reflected that the district court noted the existence of an agreement for a 12-month controlling sentence for the eight counts and then very briefly covered Williams' trial rights and accepted his guilty pleas. At the conclusion of the hearing the court simply noted: "Counsel, the document that relates to this case, the 14 CR 3059 case, I approve your all's agreement in whole and have signed off on it, and that's all that's really required on the record in the misdemeanor case." Though no formal sentencing proceeding was conducted, a journal entry of plea and sentence was prepared, signed by the judge, prosecutor, defense attorney, and Williams, and then filed, all on the same day as the hearing. This journal entry contained the language Williams complains of in this appeal, reciting that "[t]his case to run consecutively to all other cases, including 12 CR 3116 and 14CR 3059."

Also on November 19, 2014, Williams pled guilty in case 14 CR 1938 to possession of methamphetamine. At the January 14, 2015, sentencing hearing in that case, Williams was sentenced to 20 months in prison, which the court ran consecutive to "any priors," including 12 CR 3116. Williams was sentenced in case 12 CR 3116 on June 23, 2013, to a 24-month' probation with an underlying 25-month prison term. His probation in case 12 CR 3116 was subsequently revoked at the January 14, 2015, hearing, and the court imposed Williams' underlying prison term. The court noted that 14 CR 3059 was not before the court at that hearing, as sentencing had already occurred in that case.

Williams subsequently filed an appeal of his misdemeanor sentencing orders in an untimely fashion. After a remand from this court for a hearing pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), the district court determined that the applicable exceptions existed and Williams was permitted to file his notice of appeal out of time.

ANALYSIS

Williams argues on appeal that the district court erred in running his sentence in 14 CR 3059 consecutive to two other cases in which he contends he had not yet been sentenced. A district court generally has discretion to impose concurrent or consecutive sentences. *State v. Horn*, 302 Kan. 255, 256-57, 352 P.3d 549 (2015). This court may reverse only if judicial discretion has been abused. A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). The burden of proof is on the party alleging that the court abused its discretion. *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

Williams relies on *Reed*. In that case, our Supreme Court held:

"[I]n order for a trial court to impose a consecutive sentence, there must be a prior sentence in *existence* at the time of the subsequent sentencing. A trial court has no authority to direct a sentence to run consecutively to a nonexisting sentence which might thereafter be imposed in a pending case." 237 Kan. at 690.

Williams argues that the district court improperly ordered his sentence in 14 CR 3059 to run consecutive to two cases in which there was no prior sentence of incarceration imposed. The two cases will be discussed in turn.

3

In case 12 CR 3116, Williams was sentenced on June 23, 2013, to a 24-month' probation with an underlying 25-month prison term. Williams contends that because there was no sentence *of incarceration* at the time of his sentencing, *Reed* applies. However, a probation sentence includes an underlying sentence that the defendant will serve if the court revokes probation. See *White v. State*, No. 89,208, 2003 WL 22005909, at *2 (Kan. App. 2003) (unpublished opinion) ("[I]f a defendant is sentenced for a different crime while on probation, the court can impose consecutive sentences because the defendant has been sentenced in the underlying case."). Therefore, the district court was not in violation of the rule in *Reed* when it ordered his sentence in case 14 CR 3059 to run consecutive to 12 CR 3116 on November 19, 2014.

The second case is less clear. The journal entry directed the sentence in 14 CR 3059 to be served consecutive to 12 CR 3116 and 14 CR 3059—*i.e.*, consecutive to itself. The State contends this was simply a typographical error: The court intended for the sentence to be run consecutive to 14 CR 1938, a case to which Williams pled guilty on the same day as 14 CR 3059. Williams does not address whether the journal entry was in error. Rather, Williams consistently refers to the second case as "14 CR 2059" throughout his brief without any explanation or contention that he is referring to another case in which Williams was charged. The record on appeal in this case does not include any information regarding case 14 CR 2059.

If, as the State contends, the district court intended for the second case to be 14 CR 1938, the State admits that Williams had not yet been sentenced in that case at the time of Williams' sentencing in 14 CR 3059. The journal entry for case 14 CR 3059 notes that sentencing was held November 19, 2014; sentencing in case 14 CR 1938 was at a later date—January 14, 2015. Thus, under *Reed*, the district court erred if it intended to sentence Williams in 14 CR 3059 to serve his sentence consecutive with the sentence in 14 CR 1938. However, we note that at the sentencing hearing for case 14 CR 1938, the district court ordered that the sentence in that case run consecutive to all other prior cases.

4

At that time, the sentences in cases 12 CR 3116 and 14 CR 3059 were in existence, and so it would not have violated *Reed* to order the cases to run consecutively at the later sentencing. It therefore follows that Williams may have won the battle and made his point in this case only to have it mooted out by action of the sentencing court in 14 CR 1938.

Based upon our above findings, we affirm the portion of the district court's order running this case consecutive to case 12 CR 3116 but vacate that portion of the order running this case consecutive to itself as an obvious nullity. The case is further remanded to the district court with directions to prepare and file a corrected journal entry reflecting these orders.

Affirmed in part, vacated in part, and remanded with directions.