NOT DESIGNATED FOR PUBLICATION

Nos. 115,098
115,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILO A. JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 3, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  Milo A. Jones appeals the district court's decision denying his motions to correct illegal sentence in two separate cases. Specifically, Jones argues that the district court illegally imposed consecutive sentences in the two separate cases. For the reasons stated herein, we affirm in part, vacate in part, and remand with directions.

1

On January 6, 1999, Jones entered a plea to three counts of aggravated robbery in 98CR1956. Also on January 6, 1999, Jones was found guilty by a jury of robbery, battery, and two counts of obstructing official duty in 98CR1897.

Jones was sentenced in both cases on February 12, 1999. In 98CR1956, the district court imposed a controlling sentence of 194 months' imprisonment. At the sentencing hearing, the district court stated: "I will order this sentence run consecutive to the sentence that I will impose in 98 CR 1897 in just a few moments." A journal entry of judgment was subsequently filed that stated: "This case runs consecutive to the sentence of 137 months in Sedgwick County Case No. 98CR1956 [*sic*], and consecutive to Sedgwick County Case Nos. 91CR818 and 92CR388." The journal entry clearly included a typographical error as it ordered the sentence in 98CR1956 to run consecutive to itself.

In 98CR1897, the district court imposed a controlling sentence of 137 months' imprisonment. At the sentencing hearing, the district court stated: "I will order that this sentence run consecutive to any state parole violations in the two cases referenced by the assistant district attorney [91CR818 and 92CR388]. I'll also order that it run consecutive to 98CR1956 consistent with the sentence I just imposed in the companion case." The journal entry of judgment in 98CR1897 correctly stated: "This case runs consecutive to the sentence of 194 months in Sedgwick County Case No. 98CR1956 and consecutive to Sedgwick County Case Nos. 91CR818 and 92CR388."

On January 9, 2015, Jones filed a pro se motion to correct illegal sentence in both 98CR1956 and 98CR1897. In the motions, Jones claimed that the district court ordered the sentence in 98CR1956 to run consecutive to the sentence in 98CR1897, but because the 98CR1897 sentence had not yet been imposed, the sentence in 98CR1956 was illegal. Jones also claimed the district court ordered the 98CR1897 sentence "to run consecutive to an illegal sentence in 98CR1956," making the 98CR1897 sentence illegal, as well.

2

On September 9, 2015, the district court denied both motions. In regard to 98CR1956, the district court found that there was "a typographical error" in the journal entry, and the journal entry did not order the 98CR1956 sentence to be served consecutive to 98CR1897. However, the district court found that the 98CR1897 sentence made the issue moot, as it ordered the 98CR1956 sentence to be served consecutive with 98CR1897. In regard to 98CR1897, the district court found that the sentencing court "correctly ordered the sentence in this matter to run consecutive to 98CR1956." Jones timely filed a notice of appeal in both cases. This court consolidated the appeals.

On appeal, Jones contends that the district court erred when it denied his "motions to correct an illegal sentence pursuant to K.S.A. 22-3504." Specifically, Jones maintains that the district court sentenced him in 98CR1956 before 98CR1897, and as such, it was impossible to run the 98CR1956 sentence consecutive to the 98CR1897 sentence. Jones argues that the 98CR1956 sentence is ambiguous as to the manner in which it is to be served and because of the illegality of the 98CR1956 sentence, the 98CR1897 sentence is also invalid. Jones asserts that "[a]t the very least" a nunc pro tunc order should be issued to correct the error in the 98CR1956 journal entry. The State contends that the district court did not err in denying Jones' motions to correct illegal sentence.

"An illegal sentence is a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in character or the term of the punishment authorized; or (3) is ambiguous with regard to the time and manner in which it is to be served." *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

In his original pro se motion to correct illegal sentence, Jones relied on *State v. Pride*, No. 106,048, 2012 WL 3171815 (Kan. App. 2012) (unpublished opinion). In that

case, the district court imposed sentences in two separate cases at the same hearing. The district court ordered the sentence in the first case to run consecutive to the sentence in the second case before taking up the sentence in the second case. However, once the district court imposed sentence in the second case, it also ordered that sentence to run consecutive to the sentence in the first case.

On appeal, this court vacated the sentence in the first case as illegal and remanded for resentencing. 2012 WL 3171815, at *4. Relying on *State v. Reed*, 237 Kan. 685, 703 P.2d 756 (1985), this court found that the order for consecutive sentencing in the first case was illegal because a district court is not permitted to order a sentence in one case to be served consecutive to a sentence in another case that has not yet been imposed. However, this court affirmed the sentence in the second case. 2012 WL 3171815, at *4.

Based on the decisions in *Pride* and *Reed*, we agree with Jones that the order for consecutive sentencing in 98CR1956 is technically illegal because a district court is not permitted to order a sentence in one case to be served consecutive to a sentence in another case that has not yet been imposed. As a result, the order for consecutive sentencing in 98CR1956 is ambiguous with regard to the manner in which it is to be served. However, Jones' sentence in 98CR1897 is legal and it correctly orders the sentences in the two cases to be served consecutively. Thus, although the order for consecutive sentencing in 98CR1956 is technically illegal, this error will have no effect on how much time Jones actually serves in prison in the two cases.

We now turn to the remedy for the illegal sentence in 98CR1956. Jones does not challenge the 194-month term he was ordered to serve in 98CR1956; he only challenges the order for consecutive sentencing. This error can be corrected with a journal entry nunc pro tunc. Thus, we vacate the order for consecutive sentencing in 98CR1956 and remand with directions for the district court to file a corrected journal entry. The

corrected journal entry must specify that the sentence in 98CR1956 is consecutive to the sentences in 91CR818 and 92CR388, but not consecutive to the sentence in 98CR1897.

Affirmed in part, vacated in part, and remanded with directions.

5