NOT DESIGNATED FOR PUBLICATION

Nos. 116,313
116,314

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID SCOTT CARPENTIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed June 23, 2017. Sentences vacated and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  While on bond for felony driving under the influence (DUI), David Carpentier committed a new felony DUI. He later pled guilty to both offenses. During sentencing, the district court ordered his sentence in his first case to run consecutive to the sentence in his second before imposing the sentence in his second case. Carpentier appeals, arguing the district court erred in ordering his sentence to run consecutive to a nonexistent sentence. He also argues he should be allowed to argue for concurrent sentences on remand due to conflicting statutory provisions regarding new crimes committed while on felony bond. We agree and vacate the sentences and remand for resentencing.

1

On November 9, 2015, the State charged Carpentier with a felony DUI and one count of test refusal in No. 15 CR 292. The district court released Carpentier on bond on November 9, 2015. While Carpentier was on bond in 15 CR 292, the State charged him with another felony DUI on February 16, 2016, in No. 16 CR 51.

On April 11, 2016, Carpentier pled guilty to one count of felony DUI in 15 CR 292 and one count of felony DUI in 16 CR 51. Both DUIs were pursuant to K.S.A. 2016 Supp. 8-1567(a)(2), (b)(1)(D). The district court held a sentencing hearing for both cases on June 1, 2016.

The district court handled 15 CR 292 first. The court sentenced Carpentier to 1 year in the custody of the Dickinson County Sheriff. Carpentier would have to serve 90 days of that sentence, and then the court would place him on probation. The court also ordered that the sentence would run consecutive to the sentence in 16 CR 51.

The district court then moved to sentencing in 16 CR 51. The court ordered Carpentier to serve 12 months in the custody of the Dickson County Sheriff. The court did not explicitly say whether the sentence would run concurrent with or consecutive to the sentence in 15 CR 292, but it added:

> "It's this Court's intentions, sir, that you serve that entire year, in the Dickinson County Jail. And after you serve that entire year in the Dickinson County Jail, you'll then serve the additional 87 days in the next case. After you've done that, then you'll be placed on probation in the other case."

Carpentier appeals claiming there was an illegal sentence.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to

2

the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

"A trial court has no authority to direct a sentence to run consecutively to a nonexisting sentence which might thereafter be imposed in a pending case." *State v. Reed*, 237 Kan. 685, 690, 703 P.2d 756 (1985). Therefore, the district court erred in ordering Carpentier's sentence in 15 CR 292 to run consecutive to his sentence in 16 CR 51 because there was no sentence in 16 CR 51 at that time. The State concedes Carpentier's sentence is illegal for this reason.

This does not completely resolve Carpentier's appeal, however. Carpentier committed a new felony while on felony bond. Two sentencing statutes address such circumstances, K.S.A. 2016 Supp. 21-6606 (formerly K.S.A. 21-4608) and K.S.A. 2016 Supp. 21-6604 (formerly K.S.A. 21-4603d). K.S.A. 2016 Supp. 21-6606(d) mandates that in such circumstances a defendant's sentences must run consecutive, while K.S.A. 2016 Supp. 21-6604(f)(4) appears to give district court's discretion to run sentences consecutively or concurrently. Both parties agree the statutes appear to be in conflict, thus it is unclear if on remand Carpentier can argue to have his sentences run concurrently.

It is unnecessary to resolve any conflict in these statutes, however. Carpentier's two felonies were both DUIs. A sentence imposed for felony DUI under K.S.A. 2016 Supp. 8-1567 is not imposed under the KSGA. See *State v. Castillo*, No. 112,485, 2015 WL 6455509, at *2 (Kan. App. 2015) (unpublished opinion); *State v. Myshka*, No. 111,218, 2015 WL 1782659, at *1 (Kan. App. 2015) (unpublished opinion). Consequently, neither K.S.A. 2016 Supp. 21-6604 or K.S.A. 2016 Supp. 21-6606 are

applicable to Carpentier's sentences. When a district court imposes multiple nonguideline sentences, it has discretion to run the sentences concurrently or consecutively. See *Myshka*, 2015 WL 1782659, at *2 (holding district court did not abuse its discretion in imposing consecutive sentences for felony DUI and felony test refusal); *State v. Raimo*, No. 97,366, 2008 WL 360652, at *2 (Kan. App. 2008) (unpublished opinion) (holding district court did not abuse its discretion in imposing sentence for felony DUI committed while on felony bond consecutive to sentence for another felony DUI). Upon resentencing, the district court has the discretion to run Carpentier's sentences consecutively or concurrently.

Sentences vacated and case remanded for resentencing consistent with this opinion.