NOT DESIGNATED FOR PUBLICATION

No. 117,151

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER JASON VACA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed August 4, 2017. Vacated in part and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

PER CURIAM: Christopher Jason Vaca was convicted of felony theft in Johnson County and sentenced to serve 17 months in prison. The district court ordered that the sentence in this case run consecutive to the two Missouri cases that were pending at the time of sentencing. On appeal, Vaca does not challenge his conviction. Rather, he contends that the district court erred in ordering his sentence to be served consecutive to his sentences in the Missouri cases. We granted Vaca's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Although the State did not respond to the substantive issue presented, it did fulfill its duty to update this court regarding a change in Vaca's custodial status. Specifically, the State indicates that Vaca was released from prison on May 2, 2017. However, because he remains on postrelease supervision, we will address the issue presented on the merits.

1

The facts of this case are undisputed. Vaca pleaded no contest to one count of felony theft on July 20, 2016. At his sentencing hearing, held on September 16, 2016, the district court reviewed a presentence investigation report and noted that Vaca had two pending cases from Missouri. Evidently, Vaca had been convicted in the Missouri cases but had not yet been sentenced. Ultimately, the district court entered a journal entry that stated Vaca's sentence in the present case was to run consecutive to sentences in the Missouri cases that apparently had not yet been imposed.

In *State v. Reed*, 237 Kan. 685, 690, 703 P.2d 756 (1985), the Kansas Supreme Court held that "For a trial court to impose a consecutive sentence, there must be a prior sentence in existence at the time of the subsequent sentencing. A trial court has no authority to direct a sentence to run consecutively to a nonexisting sentence which might thereafter be imposed in a pending case." See *State v. Taylor*, 299 Kan. 5, 6, 319 P.3d 1256 (2014).

We recognize that under K.S.A. 2016 Supp. 21-6606(d), a defendant who commits a new crime while on release under K.S.A. 2016 Supp. 22-2802 "shall serve the sentence consecutively to the term or terms under which the defendant was released." However, the pending cases noted in Vaca's presentence investigation report were from Missouri. As such, it seems highly unlikely that Vaca would have been released in the pending Missouri cases based on a Kansas statute, and the State makes no such contention. Therefore, we conclude as a matter of law that the portion of the sentencing journal entry stating that Vaca's sentence in this case was to run consecutive to the pending Missouri cases must be vacated, and we remand this matter to enter a journal entry consistent with this opinion.

Vacated in part and remanded with directions.