NOT DESIGNATED FOR PUBLICATION

Nos. 126,261
126,262

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL D. WHITMARSH JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH and C. WILLIAM OSSMAN, judges. Submitted without oral argument. Opinion filed September 27, 2024. Affirmed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Defendant Michael D. Whitmarsh Jr. appeals from a probation revocation and sentencing in one Shawnee County District Court case and a sentencing in another case there. Although both cases arose in the same district court, they were handled by different judges. The disposition of the cases became procedurally messy as a result. Whitmarsh attempted to leverage that messiness in fashioning arguments to each district court judge for a reduced sentence. The district courts rejected those arguments. On appeal, Whitmarsh essentially repackages his claims and contends the district courts

erred in disregarding them. We, too, are unpersuaded and affirm Whitmarsh's sentences in both cases.

Whitmarsh filed a separate appeal in each case. We consolidated the cases on our own motion since they present interlocking issues and arguments. In laying out the procedural history, we jump back and forth between the two district court cases because they were not handled entirely sequentially—complicating both their disposition and our narrative account.

FACTUAL AND PROCEDURAL HISTORY

During a traffic stop in Topeka, a police officer smelled raw marijuana and his search of Whitmarsh yielded marijuana, methamphetamine, and a large amount of cash. Whitmarsh was charged in case No. 15-CR-2508, and in September 2016, he pleaded no contest to possession of methamphetamine with the intent to distribute. District Court Judge Nancy Parrish accepted the plea and found Whitmarsh guilty. In January 2017, Judge Parrish sentenced Whitmarsh to serve 100 months in prison but granted him a dispositional departure to probation for 36 months. Judge Parrish later imposed a pair of intermediate sanctions on Whitmarsh for probation violations, the details of which are irrelevant.

While he was still on probation in October 2018, Whitmarsh was arrested when his suspicious driving ultimately led to a Kansas Highway Patrol Trooper discovering a stash of about half a pound of methamphetamine. In the meantime, the State sought to revoke Whitmarsh's probation in No. 15-CR-2508, relying on the circumstances of his October 2018 arrest. Whitmarsh hired a new lawyer in No. 15-CR-2508, and the district court record in that case suggests the probation revocation was held in abeyance in anticipation of Whitmarsh facing additional criminal charges.

And indeed, in October 2019, the State charged Whitmarsh in case No. 19-CR-2090 with possession of methamphetamine with intent to distribute, possession of drug paraphernalia, and driving while suspended based on his arrest a year earlier. The lawyer representing Whitmarsh in No. 15-CR-2508 entered an appearance for him in the new case. In an agreement with the State, Whitmarsh pleaded guilty to possession of methamphetamine with the intent to distribute in case No. 19-CR-2090 in February 2020 in front of District Court Judge William Ossmann.

Judge Ossmann sentenced Whitmarsh on April 27, 2020. The probation revocation warrant in Judge Parish's case had not yet been resolved. Judge Ossmann ordered Whitmarsh to serve a 54-month prison term followed by postrelease supervision for 36 months. Judge Ossmann found the "special rule" in K.S.A. 21-6606(c) applied because Whitmarsh was on probation in No. 15-CR-2508 when he committed the crime resulting in his conviction in No. 19-CR-2090 and ordered the prison term served consecutively to any term of imprisonment Whitmarsh might receive in No. 15-CR-2508. In coming to that conclusion, Judge Ossmann rejected Whitmarsh's argument that he was not then subject to a "sentence" in No. 15-CR-2508 for purposes of the special rule because he remained on probation in that case. Whitmarsh further argued (incorrectly) that Judge Parrish could apply the special rule if she revoked his probation. Whitmarsh did not argue that Judge Ossmann could or should decline to apply the special rule, as permitted under K.S.A. 21-6819(a), because the resulting consecutive sentences would be manifestly unjust. That omission figures in our assessment of the points on appeal.

On May 8, 2020, Judge Parish held a hearing on the State's request that she revoke Whitmarsh's probation in No. 15-CR-2508. Unsurprisingly, Judge Parish found that the conviction in No. 19-CR-2090 amounted to a probation violation. Judge Parish revoked the probation and ordered Whitmarsh to serve a modified sentence of 80 months in prison. Because Judge Ossmann had already ordered consecutive sentences, Judge

3

Parrish stated she did not have to address how the sentences in the two cases should be served.

Whitmarsh filed an appeal in each case. Both he and the State filed briefs in each appeal before we consolidated the cases.

ANALYSIS

On appeal, Whitmarsh essentially reprises the arguments he presented to Judge Ossmann and Judge Parrish in the respective cases they handled. We may dispose of the points with comparative dispatch.

In his appeal from No. 19-CR-2090, Whitmarsh again argues he had no sentence in No. 15-CR-2508 because he remained on probation in that case when Judge Ossmann sentenced him. So, the argument goes, Judge Ossmann could not have relied on the special rule to order the 54-month sentence he imposed to be served consecutively to any prison sentence Judge Parrish might later impose in No. 15-CR-2508. As we have indicated, the premise of Whitmarsh's position is faulty and ignores the statutory language describing the special rule. Under K.S.A. 21-6606(c), "[a]ny person who is convicted and sentenced for a crime committed while on probation . . . for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation[.]" The plain meaning of the language the Legislature chose in K.S.A. 21-6606(c) is unambiguous and necessarily undoes Whitmarsh's argument. See *State v. Moeller*, 318 Kan. 860, 877, 549 P.3d 1106 (2024) (unambiguous language typically indicates legislative intent and establishes statutory meaning); *State v. James*, 301 Kan. 898, 903, 349 P.3d 457 (2015). In short, the special rule applies to defendants on probation.

4

To bolster his argument, Whitmarsh cites *State v. Reed*, 237 Kan. 685, 690, 703 P.2d 756 (1985), for the proposition that a district court cannot impose a sentence in one case consecutive to another pending case in which the defendant has not yet been sentenced. And *Reed* recognizes such a rule. But it is inapplicable here precisely because Whitmarsh had been sentenced in No. 15-CR-2508 and was afforded the opportunity to satisfy the sentence through a successful period of probation. That is, probation is a legal alternative to serving a term of imprisonment. But defendants may be placed on probation only after a district court has otherwise sentenced them. See K.S.A. 21-6603(g) ("probation" defined as "procedure under which a defendant, convicted of a crime, is released by the court after imposition of sentence"); *State v. Dubish*, 236 Kan. 848, 851, 696 P.3d 969 (1985); cf. *State v. Clapp*, 308 Kan. 976, 985, 425 P.3d 605 (2018) (recognizing that upon revoking probation, district court may order defendant to serve original sentence or lesser sentence). So Whitmarsh had a sentence in No. 15-CR-2508 and had been granted probation from serving the prison portion of the sentence.

In his appeal from No. 15-CR-2508, Whitmarsh makes a two-fold argument that Judge Parish could have ordered that he serve the sentence in that case concurrently with the sentence Judge Ossmann had imposed in No. 19-CR-2020. First, he repeats his argument that he had no sentence in No. 15-CR-2508, so Judge Ossmann erred in relying on the special rule and, in turn, Judge Parrish then had the statutory latitude to impose a concurrent sentence. But the argument is just as wrong in No. 15-CR-2508 as it was in No. 19-CR-2020. Whitmarsh gets no relief on that score.

Whitmarsh alternatively argues that Judge Parrish had the authority to find that consecutive sentences would constitute a manifest injustice, triggering the statutory relief valve in K.S.A. 21-6819(a). And he says Judge Parrish could then have ordered concurrent sentences. But the argument misconstrues the governing statutory language and is, therefore, off the mark. The manifest injustice exception to mandatory consecutive sentences may apply to several factual circumstances identified in K.S.A. 21-6819(a)

5

through a reference to subsections of K.S.A. 21-6606. The only subsection applicable to Whitmarsh is K.S.A. 21-6606(c)—the special rule requiring a district court to impose a consecutive sentence on a defendant for a crime committed while on probation for an earlier felony conviction.

The problem for Whitmarsh is that the special rule requiring consecutive sentences and the concomitant manifest injustice exception govern the district court imposing the sentence for the later crime committed during the period of probation. Here, that was Judge Ossmann in No. 19-CR-2020—not Judge Parrish in No. 15-CR-2508. In short, Judge Parrish had no authority to consider or apply the manifest injustice exception in the case before her, and she correctly recognized she lacked a legal basis to impose a concurrent sentence in that case.

In wrapping up our opinion, we address what amounts to a one-sentence argument the State raises in the appeal of No. 15-CR-2508 suggesting we lack jurisdiction to consider Judge Parrish's decision declining to consider a concurrent sentence for Whitmarsh. The State's position is undeveloped and really unexplained at all apart from a cite to *State v. Young*, 313 Kan. 724, 728, 490 P.3d 1183 (2021). We find that sort of abbreviated advocacy unhelpful, and appellate courts frequently discard such incomplete contentions summarily. See *State v. James*, 309 Kan. 1280, 1301-02, 443 P.3d 1063 (2019). But we are obligated to examine our jurisdiction even if the parties have not—or, as here, when one party has with a hint at a jurisdictional bar. *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 1, 415 P.3d 405 (2018).

The decision in *Young* does not support the State's suggestion. In *Young*, the court held that it lacked jurisdiction to consider an appeal of a district court's decision ordering consecutive sentences under K.S.A. 21-6606 and expressly denying a defendant's request to apply the manifest injustice exception in K.S.A. 21-6819(a). 313 Kan. at 740. The holding, however, is a narrow one confined to reviewing those specific statutory rulings.

6

Here, Judge Parrish did not deny Whitmarsh's request for consecutive sentences on the merits because they would not constitute a manifest injustice under the circumstances. If she had, *Young* would have precluded an appeal on that point. Rather, Judge Parrish correctly determined she had no authority to even consider the question of consecutive sentences or the manifest injustice exception and, therefore, declined to undertake a manifest injustice inquiry in the first instance. That legal determination materially differs from the one the court addressed in *Young*. So *Young* does not deprive us of jurisdiction.

Affirmed.